# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GERARD CAPONI,** | Docket No.: 13-cv-5119-WJM-MF |
| **Plaintiff,** | |
| v. | **OPINION** |
| **JETRO HOLDINGS INC.**, a corporation; **JETRO CASH AND CARRY ENTERPRISES, INC.**, a corporation; and **RESTAURANT DEPOT, INC.**, a corporation, | |
| **Defendants.** | |

## WILLIAM J. MARTINI, U.S.D.J.:

Defendants bring this motion to stay the action and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14 ("FAA"). Plaintiff filed an opposition which did not oppose the propriety of the arbitration itself, but opposed a clause in the arbitration agreement which could effectively saddle the plaintiff with 50% of the arbitration costs. There was no oral argument. L.Civ.R. 78.1(b). For the reasons set forth below, Defendants' motion to compel arbitration is **GRANTED**. Plaintiff's request to strike the fee-shifting clause as unenforceable is **DENIED** without prejudice.

## I. BACKGROUND

Plaintiff Gerard Caponi is a former Meat Manager for Defendant Restaurant Depot. From December 22, 2008 until January 30, 2013, Caponi worked at the Hackensack Branch Deli Department of Restaurant Depot. (Certification of Shez Darden, "Darden Cert." at ¶¶ 7-8.) During the course of his employment, specifically, on February 7, 2012, Plaintiff signed an agreement to arbitrate employment disputes ("The Agreement"). (Darden Cert. at ¶ 9.)

The Agreement stated in part:

COST OF ARBITRATION

> The Company will pay one hundred percent (100%) of all costs peculiar to arbitration, including without limitation AAA administrative fees, arbitrator compensation and expenses, and costs of witnesses called by the arbitrator ("Arbitration Costs"). Upon the conclusion of the arbitration hearing and based upon the evidence presented during the hearing, the arbitrator shall determine and include in the final award an order that the employee reimburse the Company for up to 50% of the Arbitration Costs. In no event shall the employee be required to reimburse the Company prohibitive costs that would effectively deny him or her a forum to vindicate his or her rights, except to the extent set forth above and unless otherwise ordered by the Arbitrator under applicable law, each party shall bear his, her or its own expenses, such as attorneys' fees, costs, and expert witness fees.

(Darden Cert., Exhibit A.)

On January 30, 2013, Caponi alleges that he became ill, notified the Assistant Manager of the illness, stepped outside, vomited, and after returning to his department, was notified that he was terminated. (Complaint at ¶¶ 5-7.)

On July 11, 2013, Plaintiff filed a one-count complaint in state court alleging violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1 *et seq.*, based on the disability or perceived disability of having the flu. (*See* Complaint at ¶ 8.) Defendants removed on the basis of diversity and filed a motion to stay the case and compel arbitration. (ECF. Nos. 1, 3.)

In his opposition, Plaintiff argues that the provision regarding the cost of arbitration is unconscionable and unenforceable. (Opposition Brief at 3.)

## II. LEGAL STANDARD

Under the FAA, if a party brings an action "referable to arbitration," the court "shall on application of one of the parties stay the trial of action until such arbitration has been held in accordance with the terms of the agreement." 9 U.S.C. § 3. The Third Circuit has interpreted the FAA to require that "a stay, rather than a dismissal, is the required course of action when compelling arbitration." *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 227 n. 2 (3d Cir. 2012).

## III. DISCUSSION

### a. Compelling Arbitration

In deciding whether a controversy must be submitted to arbitration, a court makes two inquiries. First, did the parties agree to arbitrate their claims? And, second, does the instant dispute fall within the scope of the arbitration agreement? *Emergency Physicians of St. Clare's, LLC v. Proassurance Corp.*, CIV.A. 2:09-6244, 2010 WL 3311861 at *3 (D.N.J. Aug. 19, 2010) (*citing Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614 (1985); *Hilinski v. Gordon Terminal Serv. Co. of N.J., Inc.*, 265 Fed. App'x 66, 68-69 (3d Cir. 2008)). Furthermore, federal policy favors the arbitration of disputes. *Ibid.* (*citing Moses H. Cohen Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). There is no dispute in this case that the parties agreed to arbitrate employment discrimination disputes like this one. Therefore, the court will stay the case and compel the arbitration.

### b. Unconscionability of Fee-Shifting Clause

The fee-shifting clause is not unconscionable. Rather, it is ambiguous. Only after the arbitrator interprets the ambiguous phrasing can the court determine whether the clause is unconscionable.

In addressing a claim that an arbitration clause is unconscionable, we apply the ordinary state law principles of the involved state, which, in this case, is the law of New Jersey. *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 200 (3d Cir. 2010). The

defense of unconscionability calls for a fact-sensitive analysis. *Delta Funding Corp. v. Harris*, 189 N.J. 28, 39 (2006).

In this case, the court is presented with an "ambiguous" fee-shifting clause in an arbitration agreement. The fee-shifting clause is "ambiguous" in that the ultimate responsibility for the arbitration costs is subject to the interpretation of the arbitrator. *See Delta Funding Corp. v. Harris*, 189 N.J. at 35. Pursuant to the case of *Delta Funding Corp. v. Harris*, the court cannot find an ambiguous fee-shifting clause unconscionable until after the arbitrator interprets it in a manner detrimental to the party opposing the fee-shifting. 189 N.J. at 38.

The fee-shifting clause in *Delta*'s arbitration agreement also authorized the arbitrator to determine responsibilities for arbitration costs at the conclusion of the arbitration. 189 N.J. at 36. Faced with an ambiguous fee-shifting provision (among other ambiguous provisions), the New Jersey Supreme Court stated:

> [I]t is ordinarily the role of an arbitrator and not the courts to interpret ambiguous provisions of an arbitration agreement. . . . To the extent that the unconscionability of those provisions ultimately turns on how the arbitrator resolves the ambiguities, we are unable to determine whether the provisions are, in fact, unconscionable. For purposes of answering the question of state law . . . the ambiguous provisions, if interpreted and applied in a manner detrimental to Harris, could be unconscionable.

*Delta Funding Corp. v. Harris*, 189 N.J. at 38-39.

In the instant case, the arbitrator might not hold Caponi responsible for any costs, and if this is the case, then the fee-shifting clause would not be unconscionable. On the other hand, the arbitrator may ultimately order Caponi to pay up to 50% of the arbitration fees. The case law strongly indicates that ordering Caponi to pay any fees could well be unconscionable. *See id.* at 42-44; *Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1468 (D.C. Cir. 1997); *Martindale v. Sandvik, Inc.*, 173 N.J. 76, 104 (2002) (Stein, J., dissenting). But unless and until the arbitrator actually does interpret the arbitration agreement as requiring Caponi to pay arbitration fees, the court cannot find the disputed fee-shifting clause unconscionable. *See Delta Funding*, 189 N.J. at 44.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to stay the action and compel arbitration is **GRANTED**. Plaintiff's request to invalidate the fee-shifting provision is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 14, 2014**